**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| MICHAEL SCOFIELD, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDINGTON LAW FIRM, LLC<br><br>AND<br><br>LAWFTY, LLC<br><br>Defendants. | : | CIVIL ACTION NO. 1:26-cv-04182-STV<br><br>**JOINT STATUS REPORT AND JOINT MOTION TO VACATE NOVEMBER 10, 2026 STATUS CONFERENCE AND ADJOURN SCHEDULING CONFERENCE** |

______________________________________/

Plaintiff Michael Scofield ("Plaintiff") and Defendants Eddington Law Firm, LLC and Lawfty, LLC (together, "Defendants," and with Plaintiff, the "Parties") respectfully submit this Joint Status Report in response to the Court's November 5, 2026 Minute Order and jointly move, pursuant to Fed. R. Civ. P. 16(b)(2) and D.C.COLO.LCivR 6.1(b), to vacate the Status Conference set for November 10, 2026, and to adjourn the Scheduling Conference and its associated deadlines until after Defendants answer or otherwise respond to the Complaint. In support, the Parties state as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Parties conferred regarding the relief requested herein. This Motion is filed jointly, and no Party opposes the relief requested.

**STATUS REPORT**

1. On September 7, 2026, Plaintiff filed his Complaint asserting putative class claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) and (c). (ECF No. 1).

2. On September 9, 2026, the Court entered an Order directing the Parties to file the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction form on or before October 27, 2026, setting a Scheduling Conference for November 10, 2026, and directing the Parties to file a proposed scheduling order on or before November 3, 2026. (ECF No. 4, ¶¶ 1, 2, 4).

3. Defendants' deadline to answer or otherwise respond to the Complaint has been extended once by stipulation under D.C.COLO.LCivR 6.1(a) and twice by Order of the Court. (See ECF No. 12, ¶¶ 2-5). On October 29, 2026, the Court granted Defendants' Second Unopposed Motion for Extension of Time, (ECF No. 12), and ordered Defendants to answer or otherwise respond to the Complaint on or before December 10, 2026. That deadline remains in effect.

4. Since the Complaint was filed, counsel for the Parties have been informally exchanging information regarding the facts and allegations in the Complaint to determine whether motion practice directed to the pleadings can be avoided. Those discussions are ongoing.

5. The Parties did not file the consent/non-consent form or a proposed scheduling order by the deadlines set in the Court's Order (ECF No. 4), and did not seek relief from those deadlines before they passed because of the Unopposed Motion for Extension was granted. The Parties regret the oversight and apologize to the Court. On

November 5, 2026, the Court converted the November 10, 2026 Scheduling Conference to a Status Conference.

## MOTION

6. The Court's Order provides that, if the date set for the Scheduling Conference is not convenient, the parties "should either confer and file a motion" or jointly call Chambers to reschedule it. (ECF No. 4, ¶ 2) And while a scheduling order ordinarily issues within the time set by Fed. R. Civ. P. 16(b)(2), that Rule permits a later scheduling order where "the judge finds good cause for delay." Fed. R. Civ. P. 16(b)(2).

7. Good cause exists here. Defendants' response to the Complaint is due December 10, 2026, and the Parties' ongoing exchange of information is directed at determining whether motion practice on the pleadings can be avoided. Whether Defendants answer or move under Fed. R. Civ. P. 12, and the scope of any such motion, may materially affect the claims, defenses, and parties at issue, and therefore the discovery plan and case management deadlines, including any class certification schedule, that the Parties would propose in a scheduling order.

8. Requiring the Parties to negotiate and submit a proposed scheduling order before the pleadings are submitted would likely require them to revisit their proposals shortly after Defendants respond. A brief adjournment of the Scheduling Conference until after Defendants' response deadline will conserve the resources of the Parties and the Court, consistent with Fed. R. Civ. P. 1, and will allow the Parties to present a more useful proposed scheduling order.

9. In accordance with D.C.COLO.LCivR 6.1(b), the Parties state that they seek to adjourn the Scheduling Conference to a date after Defendants' December 10, 2026

response deadline, and propose a date convenient for the Court on or after January 19, 2027, with the Rule 26(f) conference and proposed scheduling order deadlines reset accordingly. This is the Parties' first request to continue the Scheduling Conference or to extend the deadline to submit a proposed scheduling order. As noted above, Defendants' deadline to respond to the Complaint has previously been extended three times.

10. This Motion is made in good faith and not for purposes of delay. No trial date has been set, and no Party will be prejudiced by the requested relief.

11. In the alternative, should the Court prefer to proceed with the Status Conference on November 10, 2026, the Parties respectfully request that counsel be permitted to appear by telephone. Lead counsel for Plaintiff is located in Yardley, Pennsylvania, and lead counsel for Defendants is located in Florham Park, New Jersey.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order:

A. Vacating the Status Conference set for November 10, 2026 at 2:30 p.m.;

B. Vacating the deadline to file a proposed scheduling order and the related Rule 26(f) deadlines set in the Court's Order (ECF No. 4);

C. Resetting the Scheduling Conference to a date convenient for the Court on or after January 19, 2027, and setting corresponding deadlines for the Parties' Rule 26(f) conference and submission of a proposed scheduling order;

D. In the alternative, permitting counsel to appear at the November 10, 2026 Status Conference by telephone; and

E. Granting such other and further relief as the Court deems just and proper.

**CERTIFICATION UNDER D.C.COLO.LCivR 6.1(c)**

Undersigned counsel certify that they are contemporaneously serving a copy of this Joint Status Report and Joint Motion on their respective clients.

RESPECTFULLY SUBMITTED AND DATED this 6th day of November, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff and the Proposed Classes*

*/s/ Paul A. Rosenthal*
Paul A. Rosenthal
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
paul.rosenthal@faegredrinker.com

Justin O. Kay
Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
justin.kay@faegredrinker.com

*Counsel for Defendants Eddington Law Firm, LLC and Lawfty, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.